THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **LAVA RECORDS LLC, ET AL** | * | **CIVIL ACTION NO. 05-1314** |
| **Versus** | * | **JUDGE JAMES** |
| **JENNIFER ATES** | * | **MAGISTRATE JUDGE HAYES** |

# R U L I N G AND O R D E R[1]

Before the undersigned Magistrate Judge is a Motion for More Definite Statement filed by Defendant, Jennifer Ates (Doc. #6). Defendant moves for a more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, claiming that Plaintiffs' complaint is vague and ambiguous and does not set forth a time frame of the alleged conduct.

F.R.C.P. 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement ***before interposing a responsive pleading***.

(emphasis added).

Defendant filed the present motion on September 20, 2005; however, Defendant

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

1

previously filed an answer to Plaintiffs' complaint on August 23, 2005 (see Doc. #4). Although defendant did raise the defense in her answer, she then went on to answer the paragraphs she claimed were vague and ambiguous. Therefore, she waived her right to move for a more definite statement. F.R.C.P. 12(e) and (h). Furthermore, Defendant will be able to obtain the time frame of the alleged conduct through discovery, and the remainder of the complaint is not so vague or ambiguous as to prevent the defendant from framing responsive pleadings or from adequately defending the lawsuit. For example, should discovery show that the plaintiffs' claims are untimely, the defendant will not have waived her right to raise defenses under Rule 12(b)(6).

Therefore, **IT IS ORDERED** that Defendant's Motion for More Definite Statement (Doc. #6) is **DENIED**.

**THUS DONE AND SIGNED,** in Monroe, Louisiana, this 14th day of October, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE